IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUSSELL BURKE,                )
                              )
            Plaintiff,        )
                              )
    v.                        )    No.  06 C 7143
                              )
TD EQUITY OPTIONS, INC.,      )
                              )
            Defendant.        )

## MEMORANDUM ORDER

TD Equity Options, Inc. ("TD") has filed its Answer to the employment discrimination Complaint brought against it by Russell Burke ("Burke"). This Court sua sponte strikes that responsive pleading because of its violations of some well-established principles of federal pleading.

Notice pleading, the basic concept in the federal court system, applies with equal force to plaintiffs and to defendants. Each is obligated to apprise the adversary of the contentions involved and as to which of those are or are not at issue. Here are a number of respects in which the present TD Answer fails to perform those functions:

> 1. In light of Burke's allegations and a number of the matters admitted by TD in its Answer, this Court sees no objective good faith basis on which TD can deny the existence of subject matter jurisdiction as Burke has alleged it in Complaint ¶1. Moreover, it is simply incorrect to assert, as TD does, that no response is

required to what it characterizes as legal conclusions--see App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

2. Those same criticisms apply with equal force to TD's denial of proper venue in Answer ¶2.

3. Answer ¶4 provides a good example of the undesirability of the format regularly used by TD's counsel: an initial denial of all allegations, followed by asserted exceptions. Instead TD's counsel should <u>admit</u> the allegations in Complaint ¶4, followed by an "except" listing of any matters not admitted.

4. Answer ¶5 again contains a misguided statement as to legal conclusions.

5. Answer ¶¶11 and 12 reflect a disregard of the Fed. R. Civ. P. ("Rule") 8(a) dictate that a complaint is to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." With Burke having satisfied that directive in Complaint ¶¶11 and 12, it would seem that simple admissions of those allegations would not give away TD's family jewels--no good would seem to come from what appears to be the excessive pickiness reflected in those paragraphs of the Answer.

So much for the Answer itself. But there are also a number of flaws in the Affirmative Defenses ("ADs") that follow the

Answer, when they are measured against the yardstick supplied by Rule 8(c) and the caselaw applying it--in that regard, see also App. ¶5 to State Farm. Here are those flaws:

    1. AD 1 is improper because it is at direct odds with the Complaint's allegations that TD's conduct was assertedly wilfully discriminatory. That is true of AD 4 as well.

    2. AD 5 is irrelevant in light of Burke's allegations, which must be accepted as true for AD purposes. That irrelevancy applies to AD 6 as well.

    3. ADs 7 and 9 do not at all satisfy the purpose of notice pleading, something that is almost always tipped off when a party uses the locution "to the extent" without disclosing just what is claimed. If on repleading TD's counsel wish to preserve comparable ADs, they must be fleshed out by identifying exactly what shortfall on Burke's part is asserted.

Thus TD's counsel must return to the drawing board, and they are granted until March 26, 2007 to file a self-contained Amended Answer. No charge is to be made to TD by its counsel for the added work and expense incurred in correcting counsel's errors. TD's counsel are also ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's

chambers as an informational matter (not for filing).

                                   _____
                                   Milton I. Shadur
                                   Senior United States District Judge

Date:  March 15, 2007