IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Russell Burke, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 7143 |
| | ) |
| TD Equity Options, Inc., | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM ORDER</u>

Although this District Court's conversion to an electronic filing system has a number of virtues, those have been attained at some cost, one of the most prevalent (as well as irritating) of which has been the failure of too many lawyers promptly to deliver the necessary hard copies of all electronic filings to the chambers of the judge to whom a case is assigned. Those violations of this District Court's LR 5.2(e) frequently cause difficulties in the handling of motions, while at other times (and this case is an example) noncompliance creates other problems. Regrettably that type of violation continues to occur with such frequency as to have led this Court to add this provision to a prominent spot at the beginning of its website:

> Unfortunately, experience with the electronic filing system has been that a distressingly large percentage of counsel who file documents electronically do not comply with the LR 5.2(e) requirement that a paper copy be delivered to chambers within one business day (let alone this Court's special requirement that such delivery take place on the same business day as the filing). That noncompliance is often particularly troublesome, as for example when an order has been entered (1) requiring a filing and (2) setting a

status or other hearing within a day or two thereafter. <u>All counsel are therefore notified that any noncompliance with LR 5.2(e) will result in the imposition of a fine whenever circumstances make such a sanction appropriate</u>.

In this instance this Court's brief March 15 memorandum order called the attention of counsel for defendant TD Equity Options, Inc. ("TD") to problems with TD's then-filed Answer and consequently required that a self-contained Amended Answer be filed by March 26. That date came and went without such a modified responsive pleading being delivered to this Court's chambers, and it was only after this Court inquired of its minute clerk as to whether she had received a copy that she ran a docket printout that revealed the pleading had been timely filed.

There unfortunately seems to be no way to create the necessary climate of universal compliance with LR 5.2(e) other than to carry out the warning contained in this Court's website. Accordingly TD's counsel is ordered to deliver to this Court's chambers, within three working days after the issuance of this memorandum order:

    1. hard copies of the Amended Answer and of the letter called for by the March 15 memorandum order;

    2. a check for $200 payable to "Clerk of the United States District Court";[1] and

---

[1] If the hourly rate normally charged for the services of the lawyer who failed to arrange for the required delivery of the hard copy is less than $200, that shall be set out in the statement next referred to in the text, and the $200 shall be

3. a statement that the cost of such modest fine, attributable as it is to counsel's noncompliance, shall not be shifted to the client.

                                              */s/ Milton I. Shadur*
                                              Milton I. Shadur
                                              Senior United States District Judge

Dated:    March 30, 2007

---

reduced to one hour's time charge for that lawyer.